# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60265
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2017

Lyle W. Cayce
Clerk

NAOMI RENEE MORRIS,

     Plaintiff - Appellant

v.

TRI-STATE TRUCK CENTER, INC.,

     Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:14-CV-223

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

     Defendant–Appellee Tri-State Truck Center, Inc. sells and repairs medium and heavy-duty trucks and has several branch locations in the Mid-South area. Plaintiff–Appellant Naomi Morris worked for Tri-State as a service advisor in its Tupelo, Mississippi branch, and as such, was responsible for (among other things) writing up customer work orders and closing and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

invoicing those work orders. Timely closing and invoicing of work orders was important to both Tri-State and its customers for managing cash flow, and Tri-State's policy (as understood by Morris) was for work orders to be closed and invoiced within several days of repairs being completed. Morris, however, routinely waited until the last days of the months to close and invoice orders. Following two negative performance evaluations and numerous conversations with her superiors regarding the issue, Morris was issued a "Final Warning" on August 7, 2012, about her "inability to close work orders with in [sic] the standards set" by Tri-State. The warning advised Morris that "[e]ffective immediately you are expected to close repairs orders in a timely manner."[1]

After the warning, Morris continued to wait until the last days of the months to close and invoice orders. For example, Morris closed and invoiced more than 60 works orders on October 31, 2013. At that point, the service manager and branch manager of Tri-State's Tupelo branch contacted Tri-State's chief financial officer to inform him of their intent to terminate Morris. Tri-State's chief financial officer reminded them of the company's policy not to discharge employees during the holidays, and asked them to wait until the new year to fire Morris. On January 3, 2014, the service manager and the branch manager terminated Morris's employment. The stated reason for termination in the separation notice was Morris's "lack of performance in the duties

---

[1] Morris asserts that, despite receiving the two negative performance evaluations and having numerous conversations with her superiors, Tri-State failed to follow its progressive discipline policy in issuing the final written warning. Morris, however, has failed to introduce any evidence that Tri-State had such a policy at the time of her final warning, much less that Tri-State failed to follow that policy. The evidence demonstrates that Tri-State only adopted a progressive discipline policy after Morris was terminated. Moreover, the deposition testimony upon which Morris relies describes the progressive discipline policy as providing that "if you're written up three times in a 12-month period then you're automatically terminated." Significantly, there is no evidence that the policy provides that an employee must be provided two write-ups prior to a final write-up (or may not be terminated in the absence of three write-ups). Thus, there is no evidence that Tri-State violated the progressive discipline policy in issuing the final written warning.

required of invoicing repair orders."[2]  At the time Morris was terminated, she was 52 years old and the service manager and the branch manager were approximately 52 and 47 years old, respectively.  A month later, a 46-year-old was hired to replace Morris.[3]

After receiving her right to sue letter, Morris filed the present suit against Tri-State, alleging she was terminated because of her age in violation of the Age Discrimination in Employment Act.  Tri-State moved for summary judgment, and the district court granted Tri-State's motion.  Recognizing that Tri-State did not contest that Morris could meet her prima facie burden under the *McDonnell Douglas* burden-shifting framework, the district court analyzed whether Tri-State's proffered reason for termination—her dilatory performance of closing and invoicing repair orders—was pretextual.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–06 (1973).  The district court found that Morris had failed to present sufficient evidence of pretext because she presented no evidence that she did not, in fact, wait to close and invoice more than 60 work orders until the end of October 2013.  The district court further found that certain age-related remarks that Morris alleged by other Tri-State personnel could not defeat summary judgment because those remarks did not suggest age-based animus and, in any event, represented the only evidence of pretext.[4]  The district court, therefore, dismissed Morris's claim, and Morris timely appealed.

---

[2] Tri-State also cited Morris's failure to provide "a friendly and positive attitude" toward customers.  Because Morris has not rebutted Tri-State's first proffered reason for termination—her dilatory performance of closing and invoicing repair orders—we, like the district court, do not separately address Tri-State's second proffered reason. *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) (recognizing that a plaintiff must rebut each of the employer's proffered reasons for termination).

[3] Morris's replacement voluntarily quit on March 24, 2014, and his job duties were assumed by a 33-year-old employee on June 2, 2014.

[4] In a footnote, the district court also rejected Morris's allegation that Tri-State was pushing older employees to retire because of their age.  Two of the employees Morris alleges

No. 16-60265

This court reviews a district court's grant of summary judgment *de novo*. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When considering a motion for summary judgment, the court views all facts and evidence in the light most favorable to the non-moving party." *Moss*, 610 F.3d at 922. "Conclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002).

To avoid summary judgment under the *McDonnell Douglas* framework, Morris was required to provide sufficient evidence from which a jury could reasonably infer that Tri-State's proffered reason for termination was merely pretextual, or that even if the reason was true, her age was the but-for cause of her termination. *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013).[5] Morris failed to make such a showing. Although Morris argues that the delays in closing and invoicing work orders were not solely her fault, she, as the district court found, has presented no evidence (and made no contention) that she did not, in fact, hold more than 60 invoices until the end of October 2013—Tri-State's proffered reason for termination. She argues a reasonable jury

---

were forced into retirement because of their age deny that were they forced out, let alone on account of their age, or that remarks suggesting age-based animus were made to them. Thus, we agree with the district court that Morris's allegation with respect to these other employees does not raise a genuine issue for trial.

[5] This is the third and final stage of the *McDonell Douglas* burden-shifting framework. On appeal, the parties do not contest that Morris established a prima facie case of age discrimination—the first stage under the framework—or that Tri-State offered a legitimate, non-discriminatory reason for termination—the second stage under the framework. Accordingly, we only address this third and final stage.

could nonetheless infer Tri-State's proffered reason was false because four other Tri-State branches performed more poorly in terms of timely closing and invoicing work orders. Morris's argument, however, ignores the fact that Tri-State's other branches are distinguishable based on, among other things, sales volumes, which affected the average number of days needed to close orders. Moreover, Morris offered no evidence that service advisors at any of these other branches similarly held invoices until the end of the month and were not terminated. In fact, Tri-State introduced evidence demonstrating it *did* terminate others around the same time as Morris for the same conduct. Accordingly, we agree with the district court that Morris failed to rebut Tri-State's proffered reason for termination.

We also agree with the district court that Morris's other evidence of alleged discrimination—namely, certain age-related remarks by Tri-State's owners and by the service manager of Tri-State's Tupelo branch—were insufficient to defeat summary judgment. For these remarks "[t]o be relevant evidence considered as part of a broader circumstantial case [under the *McDonnell Douglas* framework], '[they] must show: (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker.'" *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 475–76 (5th Cir. 2015) (quoting *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 236 (5th Cir. 2015)). With respect to the alleged remarks by the service manager, neither Morris nor her coworker who witnessed the remarks, Camilla Roberts, could remember exactly the wording used or when they were made; however, Morris and Roberts's testimony suggests that the alleged remarks were all made in the context of them teasing the service manager about his age or them referencing their own age—Morris and the service manager were less than a year apart in age. Such mutual bantering does not

indicate discriminatory animus.  *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 900 (5th Cir. 2002); *see also Kelly v. Costco Wholesale*, 632 F. App'x 779, 783 (5th Cir. 2015) (per curiam).  Similarly, the reference by Tri-State's owners to "young, aggressive managers that . . . are more than capable to take Tri-[S]tate to the next level" in a memorandum expressing their intent to relinquish "day to day hands on management" of the business does not display discriminatory animus.  Moreover, even if it did, there is no evidence that Tri-State's owners were responsible for, or had any influence on, the decision to terminate Morris.  Rather, the evidence shows that the service manager and the branch manager made the decision to terminate.

For the foregoing reasons, the judgment of the district court is AFFIRMED.